**Electronically Filed
Intermediate Court of Appeals
30296
31-MAR-2011
08:38 AM**

NO. 30296

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOAQUIN AYRES, JR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 09-1-0227)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Joaquin Ayres, Jr. (Ayres) appeals from the Judgment of Conviction and Sentence, entered on December 14, 2009 in the Circuit Court of the Fifth Circuit (circuit court).[1]

Ayres pleaded guilty to Criminal Contempt of Court in violation of Hawaii Revised Statutes (HRS) § 710-1077(1)(g) (1993).

On appeal,[2] Ayres contends (1) the circuit court erred by failing to join the Criminal Contempt charge in this case with the Disorderly Conduct and Harassment charges pending in 5P109-0566, (2) his plea was not knowing and voluntary because he was

_____

[1] The Honorable Kathleen N.A. Watanabe presided.

Ayres personally filed a document styled as a "Motion" on January 14, 2010, which this court treats as a notice of appeal. Although untimely, "[i]n criminal cases,[the supreme court] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998). The recognized exceptions include "circumstances where . . . defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance[.]" Id.

[2] Counsel is reminded that "record references supporting each statement of fact or mention of court or agency proceedings" are required in appellate briefs. Hawai'i Rules of Appellate Procedure Rule 28(b)(3). Failure to comply with the rules of this court may result in sanctions.

not informed that the charge in the case must be tried with 5P109-0566, and (3) he was provided with ineffective assistance of counsel because his trial counsel failed to inform him that this case must be tried with 5P109-0566.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ayres's points of error as follows:

The Criminal Contempt charge is based upon Ayres's failure to appear in court. None of the elements of HRS § 701-1077 overlap with Harassment, HRS § 711-1106 (Supp. 2010), or Disorderly Conduct, HRS § 711-1101 (Supp 2010). Therefore, the charge in this case was not required to be tried together with those in case No. 5P109-0566, pursuant to HRS § 701-109 (1993). State v. Kipi, 72 Haw. 164, 169-70, 811 P.2d 815, 817-18 (1991).

Since Ayres's two cases were not required to be tried together, his guilty plea was not affected by any failure to be informed of such a right. Therefore, Ayres has failed to show his plea was not knowing and voluntary and Ayres's trial counsel was not ineffective because she was not required to inform Ayres that the two cases were required to be tried together.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment of Conviction and Sentence, entered on December 14, 2009 in the Circuit Court of the Fifth Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 31, 2011.

On the briefs:

Daniel G. Hempey,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

2